IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

C. HOPE BARRINGER-BROWN, PH.D.,

  Plaintiff,

v.   Case No. 3:24-cv-465

SOUTHSIDE VIRGINIA COMMUNITY
COLLEGE,

  Defendant.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

The sole Defendant Plaintiff identified and served with process in this action is Southside Virginia Community College ("SVCC"). As a matter of Virginia law, however, SVCC is not a legal entity subject to suit. Accordingly, the Complaint does not invoke the Court's jurisdiction over a legal entity and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## ALLEGATIONS

### A.   Plaintiff's Allegations

Plaintiff's allegations are voluminous and, at times, difficult to follow. As they are relevant to this Motion, however, Plaintiff's allegations state that she was hired as the Dean of Humanities, Social Sciences, and Business at SVCC on December 5, 2022. ECF No. 1 ¶ 1. Plaintiff was terminated from this position on September 29, 2023. *Id.* ¶ 180.

Generally, Plaintiff asserts that she was terminated from her position at SVCC because of her race and gender. According to Plaintiff, a negative performance evaluation she received contained allegedly inaccurate information and was issued as pretext to support her termination. *Id.* ¶¶ 88, 94. Plaintiff further generally asserts that she was treated more harshly than two other deans of different races. *Id.* Finally, Plaintiff claims her termination was in retaliation for alleged

complaints she made about purportedly discriminatory treatment to various SVCC officials. *Id.* ¶ 81.

B. **The Virginia Community College System**

SVCC is one of twenty-three community colleges that comprise the Virginia Community College System ("VCCS"). ECF No. 1 ¶ 2. The Code of Virginia recognizes VCCS as the operating name of the State Board of Community Colleges ("the State Board"), which is a public body corporate created by the General Assembly. Va. Code § 23.1-2901. The State Board is charged with establishing "policies providing for the creation of a local community college board for each comprehensive community college established under this chapter and the procedures and regulations under which such local boards shall operate." Va. Code § 23.1-2904(4). As the governing board of an institution of higher learning under Virginia law, the State Board has, among others, the power to "[m]ake regulations and policies concerning [VCCS]," and "[a]ppoint professors and fix their salaries." Va. Code § 23.1-1301.

## CLAIMS AND PROCEDURAL POSTURE

The Complaint purports to present three claims against SVCC. In Count I, Plaintiff appears to present a claim for discriminatory termination under Title VII of the Civil Rights Act of 1964. In Count II, Plaintiff makes a claim for retaliatory termination in violation of Title VII. And in Count III, Plaintiff presents a common law claim for defamation.

Plaintiff purported to serve the Complaint on non-entity SVCC on July 10, 2024. ECF No. 4. VCCS, on behalf of non-entity SVCC, now respectfully makes a special appearance in response to that purported service and moves to dismiss the Complaint.

## STANDARD OF REVIEW

Rule 12(b)(1) "permits a party to move to dismiss an action for lack of subject matter jurisdiction." *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003). "The burden of establishing the existence of subject matter jurisdiction rests upon the party which seeks to invoke the court's authority." *Id.* (internal citations omitted). "For motions made pursuant to [Rule 12(b)(1)], the evidentiary standard depends upon whether the challenge is a facial attack on the sufficiency of the pleadings, or an attack on the factual allegations that support jurisdiction." *Id*. at 782-83 (internal quotation omitted). When, as here, the defendant argues that the complaint facially "fails to allege facts upon which subject matter jurisdiction can be based," the well-pleaded facts asserted in the complaint are assumed to be true and are construed in the light most favorable to the plaintiff. *Wynne v. I.C. Sys., Inc.*, 123 F. Supp. 3d 734, 738-39 (E.D. Va. 2015) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Moreover, an argument that a defendant is not a legal entity subject to suit under state law is typically analyzed under Rule 12(b)(1). *See Frye v. Jenkins*, No. 3:22-cv-70, 2023 WL 4670332 (W.D. Va. July 19, 2023) (argument that a "Sheriff's Office" is not a separate legal entity analyzed under Rule 12(b)(1).[1]

## ARGUMENT

The only "entity" on which Plaintiff purports to have served process is SVCC. But SVCC is not a proper party to this litigation or any litigation because it is not subject to suit under the Virginia Code.

---

[1] To the extent the Court believes that this Motion presents arguments that are most properly characterized as asserting that Plaintiff failed to allege facts sufficient to state a claim, SVCC respectfully asks the Court to review its arguments pursuant to Federal Rule of Civil Procedure 12(b)(6).

In federal court, where a defendant is not an individual or corporation, the capacity to be sued is determined by state law. *Frye*, 2023WL4670332, at *2 (citing Federal Rule of Civil Procedure 17(b)(3)). And, as outlined above, Virginia law does not recognize SVCC as a separate legal entity. Instead, the Virginia Code establishes the State Board, known as VCCS, and empowers it as the body corporate to operate the Commonwealth's system of community colleges.

> The [General Assembly] created the State Board of Community Colleges to establish, control, and administer the Community College System. The legislature did not specifically designate the individual community colleges or grant them any powers, specifically the power to sue or be sued. Therefore, any suit against [SVCC] must be brought against the Commonwealth.

*Goff v. J. Sargeant Reynolds Cmty. Coll.*, 68 Va. Cir. 382, 383 (2005); *see also Vergès v. Va. Highlands Cmty. Coll.*, No. 1:16-CV-5, 2016 U.S. Dist. LEXIS 68546, at *10 (W.D. Va. May 25, 2016) ("A separate statute requires the creation of a local community college board for each college… There is no Virginia statute specifically creating [SVCC] or granting it the right to sue and be sued.").[2]

Similarly, the Eastern District of Virginia has held that a related institution, Thomas Nelson Community College, is not an "independent legal entit[y] with the power to sue or be sued." *Brown v. Thomas Nelson Cmty. Coll.*, No. 4:20-cv-7, slip op. at *6 (E.D. Va. Jan. 13, 2021) (citing *Goff*, 68 Va. Cir. at 383; *Blevins v. Suarez*, No. 4:08-cv-14, 2008 U.S. Dist. LEXIS 80339, at *21, n.9 (W.D. Va. Oct. 10, 2008). *Accord Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988) (explaining that a college's board of trustees, rather than the college, was the proper defendant in a Title VII action where Maryland statutes designated the board of trustees as an

---

[2] Since *Goff* and *Vergès*, the Virginia General Assembly has repealed and re-enacted the statutory framework for community colleges. *See* Va. Code § 23.1-2900, et seq. The new statutory framework also does not create a cause of action against a community college.

4

employer, the board of trustees was legally identical to the college, and the board of trustees, unlike the college, was authorized to sue and be sued).

Virginia law is clear that SVCC is not a separate legal entity for purposes of Virginia law. And, having failed to name and serve a legal entity, Plaintiff has not invoked the jurisdiction of this Court. The Complaint should be dismissed.

## CONCLUSION

For the reasons outlined above, VCCS, by special appearance on behalf of non-entity SVCC, respectfully moves for the dismissal of the Complaint.

        **SOUTHSIDE VIRGINIA**
        **COMMUNITY COLLEGE**

        By Counsel

/s/
Blaire H. O'Brien (VSB No. 83961)
Counsel for Southside Virginia Community College
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
bobrien@hccw.com

## **C E R T I F I C A T E**

      I hereby certify that on the 31st day of July, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following:

Dr. Charletta Barringer-Brown
5818 Hereld Green Dr.
Chesterfield, VA 23832
Charletta.barringer.phd@gmail.com

                                                  /s/
                                                  Blaire H. O'Brien (VSB No. 83961)
                                                  Counsel for Southside Virginia Community College
                                                  Harman, Claytor, Corrigan & Wellman
                                                  P.O. Box 70280
                                                  Richmond, Virginia  23255
                                                  804-747-5200 - Phone
                                                  804-747-6085 - Fax
                                                  bobrien@hccw.com